IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TONY LEE SMOAKS,
    Petitioner,

vs.                                            Case No.: 1:16cv61/MMP/EMT

ROBERT CHRIS HENDRY,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

This cause is before the court on a petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (ECF No. 1). Respondent filed a motion to dismiss the petition as an impermissibly successive habeas petition (ECF No. 7). Petitioner responded by requesting transfer of the petition to the Eleventh Circuit Court of Appeals (ECF No. 10).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of

the undersigned that the record before the court shows that the petition is subject to dismissal as an unauthorized "second or successive" habeas corpus application.

I.     BACKGROUND AND PROCEDURAL HISTORY

Following a jury trial, Petitioner was convicted in the Circuit Court in and for Alachua County, Florida, Case No. 2005-CF-003816, of aggravated battery (*see* ECF No. 1 at 1).[1]  He was sentenced to fifteen years in prison (*see id.*).  The Florida First District Court of Appeal affirmed the judgment on April 18, 2007.  *See* Smoaks v. State, 954 So. 2d 1162 (Fla. 1st DCA 2007) (Table).  In 2010, Petitioner sought federal habeas corpus relief under 28 U.S.C. § 2254 in this district court (*see* ECF No. 7 at 3, Exs. C, D, E).  *See* Smoaks v. Sec'y, Dep't of Corr., Case No. 1:10cv133/MMP/GRJ, Petition (N.D. Fla. July 6, 2010).  The district court, adopting the report and recommendation of the magistrate judge, denied the petition on the merits (ECF No. 7, Exs. D, E).  *See id.*, Report and Recommendation (N.D. Fla. June 28, 2013), Order (N.D. Fla. July 31, 2013).

Petitioner filed the instant federal habeas action on March 11, 2016 (ECF No. 1).  He challenges the same state court judgment on eleven grounds, including one claim of ineffective assistance of counsel and several claims of trial court error (ECF

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

No. 1 at 5–8). Respondent filed a motion to dismiss, contending the petition is second or successive; therefore, the district court is precluded from considering it until the Eleventh Circuit Court of Appeals issues an order authorizing the petition, pursuant to 28 U.S.C. § 2244(b)(3) (*see* ECF No. 7).

In response to the motion to dismiss, Petitioner's counsel filed a Motion to Transfer (ECF No. 10). Petitioner concedes that he required authorization from the Eleventh Circuit before filing the instant petition, but he requests that this Court transfer the petition to the Eleventh Circuit, instead of dismissing it (*see id.*). Petitioner relies upon a case from the Sixth Circuit in support of his Motion to Transfer (*id.* at 1). He makes the confusing argument that transfer is warranted because (1) the instant § 2254 petition "raises two claims that were presented in his prior federal habeas petition, namely, an illegal sentence and actual innocence," and (2) the grounds presented in the instant § 2254 petition "are unique and different from those addressed in his prior federal habeas petition and must be dismissed" (*id.* at 2–4). Petitioner requests that this Court transfer venue, vacate his judgment and sentence, re-sentence him, and grant an evidentiary hearing (*id.* at 4).

II. ANALYSIS

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute. *See* <u>Kokkonen v. Guardian Life Ins.</u>

Case No.: 1:16cv61/MMP/EMT

Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Section 2244 provides, in relevant part:

> **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244; *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152, 157, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to obtain order from court of appeals authorizing him to file it); Fugate v. Dep't of Corr., 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Here, review of the magistrate judge's report and recommendation in Petitioner's first habeas action, which the district judge adopted, demonstrates that Petitioner's 2010 petition qualified as a first petition for the purpose of determining successor status, because it was denied on the merits.[2] Therefore, the instant petition

---

[2] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." *See* Panetti v. Quarterman, 551 U.S. 930, 945, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007) (a claim of incompetency under Ford v. Wainwright, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986) was not successive, because the claim was not ripe until the petitioner's execution was scheduled); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. United States, 646 F.3d 856, 865 (11th Cir.

Case No.: 1:16cv61/MMP/EMT

qualifies as "second or successive" for purposes of § 2244(b)(3). Petitioner has not shown that he obtained permission from the Eleventh Circuit to file a second or successive petition. His failure to do so operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition. *See* 28 U.S.C. § 2244(b)(3)(A); Burton, 549 U.S. at 152, 157; Fugate, 310 F.3d at 1288.

III.  TRANSFER VERSUS DISMISSAL

Title 28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which

---

2011) ("Because the basis for his Johnson [v. United States, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005)] claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not "second or successive," and § 2255(h)'s gatekeeping provision does not apply. . . . Stewart's situation falls within what the Fifth Circuit recognized is a small subset of unavailable claims that must not be categorized as successive."); McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

Case No.: 1:16cv61/MMP/EMT

it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

While some circuits have permitted—even directed—district courts to transfer unauthorized habeas petitions to the circuit courts pursuant to 28 U.S.C. § 1631, the Eleventh Circuit apparently has not decided whether § 1631 is applicable in the context of successive habeas petitions.  *See* Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir. 1999) (acknowledging the out-of-circuit caselaw, noting that other circuits had failed to analyze § 1631 or to explain why § 1631 was applicable in the case of successive habeas petitions, yet finding it unnecessary to resolve the issue given the facts before it).  Here, Petitioner has failed to show that interests of justice render transfer either proper or necessary (for example, that dismissal instead of transfer would effectively bar Petitioner from relief in the proper court).  Therefore, Petitioner's Motion to Transfer should be denied.

IV.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

§ 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 7) be **GRANTED**.

2. That Petitioner's § 2254 petition (ECF No. 1) be **DISMISSED for lack of jurisdiction**, pursuant to 28 U.S.C. § 2244(b).

3. That Petitioner's Motion to Transfer (ECF No. 10) be **DENIED**.

4. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 20<u>th</u> day of May 2016.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**